IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LYNDA JONES, Individually and as guardian and next friend of minor, K.L.H., | PLAINTIFF |
| vs. | CIVIL ACTION NO. 3:22–cv–616-KHJ-MTP |
| TOYOTA MOTOR CORPORATION; TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR MANUFACTURING MISSISSIPPI, INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; L.S., a minor, Individually, and CORWIN STEWART, as father and next friend of L.S.; and JOHN DOES 1-20. | DEFENDANTS |

## NOTICE OF REMOVAL

TO:

Patti Duncan Lee
Neshoba County Circuit Clerk
401 Beacon Street, Suite 110
Philadelphia, MS 39350

Daniel F. Mars
Mars, Mars & Mars, PA
507-A Center Avenue
Philadelphia, MS 39350

D. Michael Andrews
Beasley, Allen, Crow, Methvin,
  Portis & Miles, PC
P.O. Box 4160
Jackson, MS 39207-3949

Corwin Stewart
420 Russell Road
Little Rock, MS 39337

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota Defendants"), remove to this Court the state-court action described in numerical paragraph 1., below:

## THE REMOVED CASE

1.  The removed case is a civil action initially filed on December 29, 2021, in the Circuit Court of Neshoba County, Mississippi, having been assigned Civil Action No. 21-cv-048-NS-MD, and

styled *Lynda Jones, Individually and as guardian and next friend of minor, K.L.H. vs. Toyota Motor Corporation, et al.*

## PAPERS FROM REMOVED CASE

2. As required by 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings and other orders served upon the Toyota Defendants. A copy of the state court record is attached as Exhibit B.

## THE REMOVAL IS TIMELY

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days after receipt by the defendant of a copy of "other paper" from which it may first be ascertained that the case is one which is or has become removable. This removal is proper pursuant to the testimony of Plaintiff Lynda Jones and Defendant L.S. who were deposed by the Toyota Defendants on September 20, 2022. The Toyota Defendants received a copy of the transcript on September 26, 2022, as shown by the email attached as Exhibit C. The Fifth Circuit has determined that the removal clock begins to run upon the party's receipt of the deposition transcript. *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602 (5th Cir. 2018).

## THE VENUE REQUIREMENT IS MET

4. Venue of this removal is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Mississippi, Northern Division, includes Neshoba County, the county in which the state court action is now pending.

## DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN THE PROPERLY JOINED PARTIES

5. On September 20, 2022, Defendant L.S. testified in her deposition about representations made to her by Plaintiff Lynda Jones. Defendant L.S.'s testimony shows that she is a "sham defendant" who was only added to this lawsuit to defeat diversity. *See* L.S. Dep. Tr., at 59:17-65:22, attached as Exhibit D. In light of this testimony, this civil action is under the Court's original

jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6. Plaintiff Lynda Jones is a citizen of Mississippi. *See* Exhibit B, Complaint, ¶1. *See also* L. Jones Dep. Tr., at 6:7-10, attached as Exhibit E.

7. Defendant Toyota Motor Corporation ("TMC") is, and at the time the action was commenced was, a Japanese corporation with its principal place of business in Japan, and is therefore a citizen of Japan, not Mississippi.

8. Defendant Toyota Motor North America, Inc. ("TMNA") is, and at the time the action was commenced was, a California corporation with its principal place of business in Plano, Texas, and is therefore a citizen of California and Texas, not Mississippi.

9. Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") is, and at the time the action was commenced was, a California corporation with its principal place of business in Plano, Texas, and is therefore a citizen of California and Texas, not Mississippi.

10. Defendant Toyota Motor Manufacturing Mississippi Inc. ("TMMMS") is improperly joined to this Action, as further explained below, and its citizenship should be disregarded for the purposes of this removal.

11. Defendant Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") is, and at the time the action was commenced was, a Kentucky corporation with its principal place of business in Plano, Texas, and is therefore a citizen of Kentucky and Texas, not Mississippi.

12. Defendants L.S. and Corwin Stewart, as father and next of friend of L.S., are improperly joined to this Action, as further explained below, and their citizenship should also be disregarded for the purposes of this removal.

13. Defendants John Does 1-20 are fictious defendants and therefore their citizenship "shall be disregarded" for purposes of determining diversity. *See* 28 U.S.C. § 1441(b).

14. Because the Plaintiff is a citizen of the State of Mississippi, and the *properly joined* Defendants are not, complete diversity exists under 28 U.S.C. § 1332.

## TMMMS HAS BEEN IMPROPERLY JOINED TO THIS ACTION

15. 28 U.S.C. § 1441 provides that removal to the federal district courts on the basis of diversity-jurisdiction is proper if none of "the parties in interest *properly joined* and served as defendants are a citizen of the State in which such action is brought." § 1441(b) (emphasis added).

16. In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of improperly joined parties.[1] *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282 (5th Cir. 2000); *see also Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Joinder is improper if there is no reasonable basis for predicating liability on the claims alleged. *Gross v. Baltimore Aircoil Co., Inc.*, 2014 WL 1153706, at *1 (S.D. Miss. Mar. 21, 2014). In evaluating a claim for improper joinder, the court examines "if there is arguably a reasonable basis for predicating that the state law might impose liability on the facts involved." *Id.* However, a "mere theoretical possibility of recovery under local law" is not enough. *Id.* "[R]emoval is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant." *McClenton v. Cannon Chevrolet, Cadillac*, 2017 WL 4322432, at * 2 (N.D. Miss. 2017). "[C]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Id.*

17. This is a product liability action involving a 2013 Toyota Corolla ("subject vehicle"). *See* Exhibit B, Complaint, at ¶ 58. Plaintiff claims that on or about May 21, 2021, on Mississippi Highway 19, northbound, in Neshoba County, Mississippi, Defendant L.S. negligently lost control of the subject vehicle, in which Plaintiff K.L.H. was a passenger, thus causing the car to rollover. *Id.* at ¶¶ 64-66.

---

[1] Courts have historically called this the "fraudulent joinder" doctrine. In *Smallwood v. Ill. Cent. R. R. Co.*, however, the Fifth Circuit adopted the term "improper joinder," finding it more consistent with the related statutory language while noting there is "no substantive difference" between the terms. 385 F.3d 568, 571 n.1 (5th Cir. 2004) (*en banc*). The Toyota Defendants, therefore, uses the Fifth Circuit's preferred terminology in this Notice.

18. Though Plaintiff has declined to label her MPLA claims as "design defect" causes of action, this Court has determined that the MPLA does not contemplate causes of action for the manufacture, assembly, and installation of a defectively designed product asserted separately from a design defect claim. *Riley v. Ford Motor Co.*, 2011 WL 2728142, *4 (S.D. Miss. July 12, 2011). In her Complaint, Plaintiff consistently asserts throughout that the subject vehicle's roof and restraint system were *defectively designed*. *See* Exhibit B, Complaint, at ¶¶ 59-62, 69-89, 92-95. Nowhere in Plaintiff's Complaint does she assert a cause of action for a manufacturing defect. *See generally id. See also Riley*, 2011 WL 2728142, *4 (defining a manufacturing defect as a deviation "in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same specifications."). Plaintiff's claims against the Toyota Defendants are entirely premised on an alleged design defect.

19. TMMMS is solely a manufacturer of certain Toyota vehicles. *See* Defendant Toyota Motor Manufacturing Mississippi, Inc.'s Response to Plaintiff's First Interrogatories (Verified), Preamble, attached as Exhibit F. TMMS does not design, developmentally test, distribute, or market Toyota motor vehicles in the ordinary course of business. *Id.* TMC, which is located in Japan, was responsible for the overall design and developmental testing of the subject model vehicle. *Id.* TMMMS only assembled the subject vehicle into its final form in accordance with TMC's design. *Id.* Therefore, TMMMS cannot be liable for the design defect claims asserted by Plaintiff in her Complaint. *Cf. Loper v. National Union Fire Ins. Co.*, 2001 WL 210367, *4 (E.D. La. Mar. 2, 2001) ("the proper assembly of a defective part does not create LPLA manufacturer liability").

20. Under Mississippi law, Plaintiff has no viable claim against TMMMS, and it must be concluded that TMMMS was improperly joined. Thus, for the purposes of removal, TMMMS's citizenship must be disregarded.

**DEFENDANTS L.S. AND CORWIN STEWART ARE ALSO IMPROPERLY JOINED**

21. It is well-established that a district court may retain jurisdiction if a plaintiff joins a resident defendant to an action "without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the [non-resident defendant's] right to removal." *Joe v. Minn. Life Ins. Co.*, 272 F. Supp. 2d 603, 605 (S.D. Miss. 2003) (citing *Wilson v. Republic Iron & Steel, Co.*, 257 U.S. 92, 99, 42 S. Ct. 35 (1921)); *Gray v. Border Exp. Services, Ltd.*, 2012 WL 12385 (S.D. Miss. Jan. 3, 2012).

22. In her deposition, L.S. testified that Plaintiff Lynda Jones told her that "whenever they did the case, that she – that we would have to – they would have to sue me, but they wouldn't get anything from me because we don't have anything." L.S. Dep. Tr., 62:1-6, Exhibit D. In reliance on Plaintiff's representations to her, neither L.S. nor Corwin Stewart have (1) retained counsel nor (2) filed anything on their behalf after having papers given to them by "a lady." *Id.* at 60:2-9; 61:3-7. Plaintiff Lynda Jones has been in contact with L.S. multiple times, including to ask her to come to a deposition. *Id.* at 61:11-15. Plaintiff's deposition testimony supports L.S.'s assertions that she did not intend to prosecute her action against L.S. L. Jones Dep. Tr., 35:23-36:9, Exhibit E. To this date, Plaintiff has taken no action against L.S. and/or Corwin Stewart, such as seeking an entry of default despite L.S.'s and Corwin Stewart's failure to answer the **December 29, 2021**, Complaint. *See generally* Exhibit B.

23. At the time of this removal, it is clear that Plaintiff does not intend to prosecute her action in good faith against L.S. or Corwin Stewart, as father and next of friend of L.S. Plaintiff has fraudulently joined L.S. and Corwin Stewart to this action for the improper purpose of defeating the Toyota Defendant's right to removal. Therefore, for the purposes of removal, L.S.'s and Corwin Stewart's citizenship must be disregarded.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

24. Plaintiff fails to allege a specified amount of damages in her Complaint; however, it is evident on the face of the Complaint that the amount-in-controversy in this Action exceeds the sum or value of $75,000, exclusive of interests and costs.

25. Removal is proper if the removing party proves by a preponderance of the evidence that the jurisdictional minimum is met. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). A removing defendant can meet its burden in demonstrating the amount in controversy by showing that the amount is "facially apparent" from the plaintiff's complaint alone. *Id.* In evaluating the amount of controversy, the court can make "common-sense" inferences about the amount put at stake by the injuries alleged by the plaintiff. *Id.*

26. Plaintiff pleads compensatory damages in this lawsuit for permanent debilitating injury, including quadriplegia, past and future medical expenses,[2] past and future pain and suffering, loss of enjoyment of life, mental anguish, emotional distress, and past and future loss of earnings. *See* Exhibit B, Complaint, at ¶ 101.

27. Additionally, Plaintiff seeks punitive damages in this lawsuit. *See* Exhibit B, Complaint, at ¶ 102. Federal courts sitting in Mississippi have "routinely held that unspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332." *Ross v. First Family Fin. Servs., Inc.,* 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002). *See also Colony Insurance Co. v. Ropers of Hattiesburg, LLC,* 2011 WL 1226095, at *3 (S.D. Miss. Mar. 29, 2011) (holding that "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." (internal citation omitted)).

28. Accordingly, the allegations of the Complaint plainly satisfy the jurisdictional amount.

---

[2] Plaintiff has claimed in interrogatory responses that her current medicals will exceed $2,000,000.00. *See* Plaintiff's Response to Interrogatory No. 12 Propounded by TMC, attached hereto as Exhibit G.

## CONSENT

29. All defendants who have been properly joined and served consent to the removal of the action. Although an improperly joined defendant, TMMMS also consents to this removal.

30. The state court action may be removed to this Court by the Toyota Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being served upon all parties or their counsel and filed with the Clerk of the Circuit Court of Neshoba County, Mississippi.

32. The Toyota Defendants serve this notice and hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Plaintiff herein is notified to attempt to proceed no further in this case in the Circuit Court of Neshoba County, Mississippi, First Judicial District, unless by Order of the United States District Court for the Southern District of Mississippi, Northern Division.

WHEREFORE, Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc., hereby remove the above-captioned action from the Circuit Court of Neshoba County, Mississippi, and requests that further proceedings be conducted in this Court as provided by law.

This the 20th day of October, 2022.

Respectfully submitted,

**TOYOTA MOTOR CORPORATION,**
**TOYOTA MOTOR NORTH AMERICA, INC.,**
**TOYOTA MOTOR SALES, U.S.A., INC., AND**
**TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.**

s/ Briana A. O'Neil
David L. Ayers (MSB No. 1670)

Briana A. O'Neil (MSB No. 105714)
WATKINS & EAGER PLLC
400 East Capitol Street (39201)
P. O. Box 650
Jackson, MS 39205
Phone: 601-965-1900; Fax: 601-965-1901
Email: dayers@watkinseager.com
Email: boneil@watkinseager.com

And

J. Karl Viehman
Tracy Kambobe
NELSON MULLINS RILEY & SCARBOROUGH LLP
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Phone: 469-484-6100; Fax: 469-828-7217
Email: Karl.Viehman@nelsonmullins.com
Email: Tracy.Kambobe@nelsonmullins.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and via other means to the following:

Patti Duncan Lee
Neshoba County Circuit Clerk
401 Beacon Street, Suite 110
Philadelphia, MS 39350
**VIA HAND DELIVERY**

D. Michael Andrews
Beasley, Allen, Crow, Methvin,
   Portis & Miles, PC
P.O. Box 4160
Jackson, MS 39207-3949
Email: mike.andrews@beasleyallen.com
Email: Dana.Taunton@beasleyallen.com
**VIA EMAIL**

Daniel F. Mars
Mars, Mars & Mars, PA
507-A Center Avenue
Philadelphia, MS 39350
Email: danmars@mmclaw.net
**VIA EMAIL**

Corwin Stewart
420 Russell Road
Little Rock, MS 39337
**VIA U.S. MAIL**

s/Briana A. O'Neil
Briana A. O'Neil

9