# IN THE CIRCUIT COURT OF NESHOBA COUNTY
## STATE OF MISSISSIPPI

**LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,**

     **Plaintiff,**

**v.**

**TOYOTA MOTOR CORPORATION; TOYOTA
MOTOR NORTH AMERICA, INC.; TOYOTA
MOTOR SALES, U.S.A., INC.; TOYOTA
MOTOR MANUFACTURING MISSISSIPPI,
INC.; TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.;
L.S., a minor, Individually, and CORWIN
STEWART, as father and next friend of L.S.; and
JOHN DOES 1-20, whether singular or plural,
are those persons, company, corporations, or
other entities, whose negligence, wantonness,
and/or wrongful conduct contributed to cause the
injuries and damages to the Plaintiff, whose true
and correct names are unknown to Plaintiff at this
time, but will substituted by amendment when
ascertained,**

**Defendants.**

**CASE NO.**
21-CV-0480-NS-MD

**DEMAND FOR JURY
TRIAL**

**FILED**

DEC 29 2021

TIME_____
PATTI DUNCAN LEE
CIRCUIT CLERK

---

## COMPLAINT

---

    COME NOW the Plaintiffs, Lynda Jones, individually and, as guardian and

next friend of minor, K.L.H., by and through the undersigned counsel, and pursuant

to Mississippi Product Liability Act (MPLA) and the laws of the State of Mississippi,

EXHIBIT "A"

state causes of action against Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Manufacturing Mississippi Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and L.S., a minor, Individually, and Corwin Stewart, as father and next friend of L.S. as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Lynda Jones is a resident of Mississippi and lives in Neshoba County and is subject to the jurisdiction of this Court.  She is the guardian and next friend of K.L.H., a minor.

2.     At all times relevant hereto, Defendant Toyota Motor Corporation is a Japanese corporation with its principal place of business in Japan. Toyota Motor Corporation designs, manufactures, assembles, tests, markets, distributes and sells automobiles through independent retail dealers, outlets, and authorized dealerships in the United States and around the world, including the subject 2013 Toyota Corolla VIN 5YFBU4EE0DP139128 ("subject vehicle") involved in the incident made the basis of this Complaint.

3.     Defendant Toyota Motor Corporation is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the state of Mississippi; has an office or agency in the state of Mississippi; caused injury to persons or property within the state of Mississippi

2

arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Mississippi in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Mississippi. Defendant Toyota Motor Corporation can be served with process through the Hague Convention Treaty, to wit: 1, Toyota-cho Toyota City, Aichi Prefecture 471-8571, Japan.

4.     At all times relevant hereto, Defendant Toyota Motor North America, Inc. is and was a California corporation and a subsidiary of Toyota Motor Corporation, headquartered in Plano, Texas with its principal place of business at 6565 Headquarters Drive, W1-3C, Plano, Texas 75024.   Toyota Motor North America, Inc. designs, manufactures, assembles, tests, markets, promotes, advertises, distributes, and sells Toyota brand cars, trucks, and sport utility vehicles in the United States, including the 2013 Toyota Corolla VIN 5YFBU4EE0DP139128 ("subject vehicle") involved in the incident made the basis of this Complaint.

5.     Defendant Toyota Motor North America, Inc. is subject to the jurisdiction of this Court because it maintains a registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232; it operates, conducts, engages in, or carries on a business or business venture in the state of Mississippi; has an office or agency in the state of Mississippi; caused injury

3

to persons or property within the state of Mississippi arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Mississippi in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Mississippi.

6.     At all times relevant hereto, Defendant Toyota Motor Sales, U.S.A., Inc. is and was a California corporation and a subsidiary of Toyota Motor Corporation, headquartered in Plano, Texas with its principal place of business at 6565 Headquarters Drive, W1-3C, Plano, Texas 75024.   Toyota Motor Sales, U.S.A., Inc. designs, manufactures, assembles, tests, markets, promotes, advertises, distributes, and sells Toyota brand cars, trucks, and sport utility vehicles in the United States, including the 2013 Toyota Corolla VIN 5YFBU4EE0DP139128 ("subject vehicle") involved in the incident made the basis of this Complaint.

7.     Defendant Toyota Motor Sales, U.S.A., Inc. is subject to the jurisdiction of this Court because it maintains a registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232; it operates, conducts, engages in, or carries on a business or business venture in the state of Mississippi; has an office or agency in the state of Mississippi; caused injury to persons or property within the state of Mississippi arising out of an act or omission it committed outside the state; manufactures, processes, or services products or

4

materials that are used in the state of Mississippi in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Mississippi.

8.     At all times relevant hereto, Defendant Toyota Motor Manufacturing Mississippi Inc. is a Mississippi corporation with its principal place of business at 398 E. Main Street, Tupelo, Mississippi.   It is a subsidiary of Toyota Motor Corporation.  Toyota Motor Manufacturing Mississippi Inc. designs, manufactures, assembles, tests, markets, distributes, and sells automobiles through independent retail dealers, outlets, and authorized dealerships in the United States and around the world, including the subject 2013 Toyota Corolla VIN 5YFBU4EE0DP139128 ("subject vehicle") involved in the incident made the basis of this Complaint.

9.     Defendant Toyota Motor Manufacturing Mississippi Inc. is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the state of Mississippi; has an office or agency in the state of Mississippi; caused injury to persons or property within the state of Mississippi arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Mississippi in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Mississippi. This Defendant manufactured the subject vehicle at its plant in Mississippi. Defendant Toyota Motor

Manufacturing Mississippi Inc. can be served with process with its registered agent at CT Corporation, 645 Lakeland East Drive, Suite 101 Flowood, Mississippi, 39232.

10.    At all times relevant hereto, Defendant Toyota Motor Engineering & Manufacturing North America, Inc. is and was a Kentucky corporation and a subsidiary of Toyota Motor Corporation, headquartered in Plano, Texas with its principal place of business at 6565 Headquarters Drive, W1-3C, Plano, Texas 75024. Toyota Motor Engineering & Manufacturing North America, Inc. designs, manufactures, assembles, tests, markets, promotes, advertises, distributes, and sells Toyota brand cars, trucks, and sport utility vehicles in the United States, including the 2013 Toyota Corolla VIN 5YFBU4EE0DP139128 ("subject vehicle") involved in the incident made the basis of this Complaint.

11.    Defendant Toyota Motor Engineering & Manufacturing North America, Inc. is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the state of Mississippi; has an office or agency in the state of Mississippi; caused injury to persons or property within the state of Mississippi arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Mississippi in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Mississippi.

Defendant Toyota Motor Engineering & Manufacturing North America, Inc. can be served with process, to wit: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

12.    The aforesaid Toyota entities, Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Manufacturing Mississippi, Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. are collectively referred to as "Toyota" or "Toyota Defendants".

13.    Through its numerous car dealerships, agents and assigns, Toyota Defendants placed vehicles, including the 2013 Toyota Corolla, which caused Plaintiff's injuries as described throughout this Complaint ("Subject Vehicle"), into the stream of commerce within the State of Mississippi and distributed, marketed and/or sold such vehicles for use by members of the general public within the State of Mississippi.

14.    Upon information and belief, Toyota Defendants have insured risks in the State of Mississippi. Toyota Defendants have sued or been sued in Mississippi state courts on numerous occasions. Toyota Defendants have been involved in litigation in the State of Mississippi on dozens of occasions where it has not contested personal jurisdiction and where it has consented to be sued. Employees, officers and/or directors of Toyota Defendants have visited, conducted business and/or worked in Mississippi.

15.    Toyota Defendants have a national dealership network, which includes many brands and dealerships in Mississippi, which market and sell new Toyota products, service Toyota products, honor Toyota warranties and carry out necessary vehicle recall work.

16.    A significant amount of Toyota Defendants' gross income for sales, service and repair work is derived from activities of their dealership network in Mississippi.

17.    Furthermore, Toyota Defendants monitor its vehicles by reviewing customer complaints or feedback from distributors and dealers, including many in Mississippi.

18.    Upon information and belief, Toyota Defendants keep records of how many vehicles are shipped to each state and how much revenue is generated from each state, including the State of Mississippi.

19.    Toyota Defendants maintain multiple offices in Mississippi.

20.    Toyota Defendants have subsidiaries and business affiliates in Mississippi.

21.    Toyota Defendants have employees and agents in Mississippi.

22.    Upon information and belief, Toyota Defendants keep records of the revenue that it derives from Mississippi.

23.    Numerous Toyota corporate representatives, agents and/or employees

have visited Mississippi for business purposes.

24.    Upon information and belief, Toyota Defendants have been a party to numerous cases where it has come into courts in Mississippi to answer claims about the failure of Toyota products in Mississippi.

25.    Toyota Defendants have been a party seeking relief or review in numerous cases where it has purposefully availed itself of the jurisdiction of the courts of Mississippi by serving as the petitioner, appellant or removing party in such actions.

26.    Toyota Defendants spend untold thousands if not millions of dollars per year marketing their products in Mississippi and/or to Mississippi residents.

27.    Toyota Defendants design, manufacture, test, assemble, sell, distribute, and place Toyota products and their component parts into the stream of commerce, including, but not limited to, the Subject Vehicle.  Thousands upon thousands of the Subject Vehicle model have been provided by Toyota Defendants have directly to Toyota dealerships in Mississippi and to Mississippi consumers.  The Subject Vehicle model has been marketed directly to Mississippi consumers.

28.    Advertisement and marketing materials were and are targeted to Mississippi residents to entice them to purchase Toyota products and services, including the Subject Vehicle model.

29.    Whether in the form of television advertisements, magazine

9

advertisements, newspaper advertisements, internet advertisements, or other forms of advertising and/or marketing, for years, Toyota Defendants have spent millions of dollars advertising and marketing their products in Mississippi and directly to Mississippi residents.

30.    Toyota Defendants maintain active websites accessible in Mississippi whereby Toyota engages in the direct sale of Toyota products to Mississippi consumers.

31.    Toyota Defendants have a regular plan for the distribution of its new and used products within Mississippi with the goal of achieving commercial benefits from the sale of those products in Mississippi.

32.    Toyota Defendants place their products into the stream of commerce by targeting Mississippi residents through dozens of approved Toyota dealerships in many cities and towns throughout the State of Mississippi.

33.    Upon information and belief, Toyota Defendants have contracts with its dealerships in Mississippi pursuant to which Toyota contractually promises to come into courts in Mississippi and defend claims about the failure of Toyota products that injure Mississippi residents.

34.    Toyota Defendants require that its Mississippi dealerships advertise within Mississippi and Toyota shares in the cost of Mississippi advertisements for Toyota products.

35.   Toyota Defendants jointly participate in the interactive websites of Toyota dealerships located in Mississippi.

36.   Toyota Defendants certify mechanics who work at Toyota dealerships in Mississippi.

37.   Upon information and belief, Toyota provides certification training for mechanics who work at Toyota dealerships at multiple locations in Mississippi.

38.   Toyota Defendants oversee aspects of its product warranty process from within Mississippi.

39.   Toyota Defendants send technical service bulletins regarding work procedures related to the Subject Vehicle into Mississippi.

40.   Toyota Defendants send recall notices related to safety defects in the Subject Vehicle into Mississippi.

41.   Toyota directs Mississippi consumers to approved Toyota service centers to have recall work performed on the Subject Vehicle model initially sold into various states but located in Mississippi.

42.   Toyota gathers data about their vehicles' performances in Mississippi and uses that data in the design and redesign of their products.

43.   Toyota holds patents and trademarks which they enforce in Mississippi.

44.   Toyota further manufactures its products and its vehicles to comply with the Federal Motor Vehicle Safety Standards (FMVSS) and routinely

11

corresponds and works with the National Highway Traffic Safety Administration (NHTSA) on recalls and other issues, including recalls or fixes to problems for vehicles owned and used by Mississippi residents and recalls pertaining to the Subject Vehicle.

45.   Toyota is subject to specific jurisdiction in this Court because Toyota is subject to the Mississippi long-arm statute by doing business in Mississippi, by contracting with Mississippi residents, by performing such contracts in part in Mississippi, by committing torts where one or more elements of the tort or one or more elements of the tortious acts occurred in Mississippi, by soliciting or performing activities within Mississippi, by manufacturing products in Mississippi and that are consumed within Mississippi in the ordinary course of commerce and by recruiting Mississippi residents for employment.

46.   Toyota has purposefully availed itself of the forum of Mississippi by directing its activities in Mississippi to Mississippi residents as detailed above. Toyota's contacts with Mississippi principally relate to the sale of vehicles and conduct associated with such vehicle sales.

47.   There is little or no burden on Toyota litigating this case in this Mississippi Court.  In contrast, it would be a tremendous burden and great inefficiency and unnecessary delay imposed on the Plaintiffs to litigate this case in another forum because Mississippi has an interest in overseeing litigation which

involves injuries to persons in Mississippi and defective products used in Mississippi.

48.    The efficient resolution of this civil action can only go forward in Mississippi and public policy favors resolution of this dispute in this Mississippi Court.

49.    Toyota cannot deny personal jurisdiction because Toyota built the subject vehicle in Mississippi and Toyota placed the Subject Vehicle into the stream of commerce under circumstances such that Toyota should reasonably anticipate being hailed into court in Mississippi.

50.    Toyota is in the business of the manufacture of vehicles, including the Subject Vehicle. Toyota also derives substantial profit from the sale of vehicles and products in Mississippi. Toyota in no way, shape, or form ever restricted the Subject Vehicle from being distributed, sold and/or used in Mississippi. Toyota has purposefully availed itself of the privilege and benefits of conducting business activities within the State of Mississippi.

51.    Accordingly, Toyota is subject to be sued in Mississippi Courts and exercise of personal jurisdiction pursuant to Mississippi's long-arm statute is, among other things, consistent with due process because Toyota has purposefully availed itself of the privilege of doing business in Mississippi.

52.    The incident giving rise to this lawsuit occurred in Neshoba County,

Mississippi and thus there is a specific connection between the forum and specific incident at issue.

53.     Defendants Corwin Stewart, as father and next friend of L.S., and L.S., individually, are residents of Mississippi and reside in Little Rock, Mississippi.

54.     The subject vehicle was purchased by L.S.'s mother from a dealership in Mississippi.

55.     Defendants John Doe(s) 1-20 are fictitious names used to preliminarily identify individuals who may be liable for claims related to the May 21, 2021 motor vehicle accident which resulted in the injuries and damages to K.L.H. The identities of John Doe(s) 1-20 are unknown to Plaintiff at this time, but are readily ascertainable through Defendants. Once the identities of John Doe(s) 1-20 are discovered, this Complaint will be amended to substitute any party that is, or may be, liable to Plaintiff.

56.     This Court has both personal and subject matter jurisdiction over the parties to this action and the claim pled.

57.     Venue of this action is proper in Neshoba County, Mississippi.

## **STATEMENT OF THE FACTS**

58.     On May 21, 2021, Defendant L.S. was driving the 2013 Toyota Corolla VIN 5YFBU4EE0DP139128 ("subject vehicle") on Mississippi Highway 19, northbound, when she negligently failed to maintain control of the car and ran off

the road, causing the car to roll over. Based upon information and belief, Defendant L.S. did not have a license to drive. Plaintiff K.L.H. was the front seat passenger in the subject vehicle and properly belted. During the rollover, the vehicle's roof crushed, and K.L.H.'s restraint system failed. As a result, K.L.H. suffered severe injuries that rendered her a quadriplegic.

59.     At all material times, K.L.H. exercised due care and was properly using the subject vehicle's restraint system for the purpose and in the manner for which it was designed and sold. The vehicle's roof and restraint system were not reasonably safe when being so used in a foreseeable manner but, to the contrary, was defective and not fit for its intended purpose when being so used as it failed to adequately restrain and protect K.L.H.

60.     The subject vehicle was designed, developed, manufactured, tested, marketed, distributed, and sold by the Toyota Defendants. Additionally, the roof and restraint system that were incorporated into the design of the subject vehicle, was designed, developed, manufactured, marketed, distributed and sold by the Toyota Defendants, and the Toyota Defendants provided their specifications to the suppliers. At the time of the occurrence made the basis of this lawsuit, the subject vehicle, specifically the roof and restraint system, was in substantially the same condition as when it was designed, manufactured, and sold by the Toyota Defendants. Further, at all times material hereto, the Toyota Defendants knew, or

15

in the exercise of reasonable care should have known, that the subject vehicle and its roof and restraint system were not reasonably safe when the vehicle was being used in its foreseeable and intended manner, but instead the vehicle was defective and dangerous to the human body when being so used in a foreseeable manner.

61.     The injuries sustained by K.L.H. would not have occurred if the Toyota Defendants had duly addressed the safety issue posed by the roof and restraint system and acted with immediate reasonable care to prevent further injury and loss of life.

62.     The Toyota Defendants were under a duty to properly warn the public about the dangers posed by roof and restraint system in the subject vehicle.  The Toyota Defendants were able to identify owners and users who were placed in danger of the roof and restraint system because these defendants maintain their own extensive database of Toyota vehicle owners. The Toyota Defendants had a variety of available options for effectively communicating a warning as to the danger posed by roof and restraint system in its vehicles, including the subject vehicle, yet they failed to take reasonable steps to ensure that clear and sufficient warnings reached the consuming public, including the Plaintiffs.

63.     As a direct and proximate result of the wrongful conduct of the Toyota Defendants, K.L.H. sustained serious severe, permanent, devastating, disabling, and disfiguring injuries.

## CLAIMS AGAINST L.S., Individually, and CORWIN STEWART, as father and next friend of L.S.

64.    On May 21, 2021, Defendant L.S., an unlicensed driver, was driving the 2013 Toyota Corolla VIN 5YFBU4EE0DP139128 ("subject vehicle") on Mississippi Highway 19, northbound, in Neshoba County, Mississippi, in which Plaintiff K.L.H. was the front seat passenger.

65.    At the aforesaid time and place, Defendant L.S. was driving too fast for conditions and failed to keep a proper lookout.  As a result, she negligently loss control of the car and ran off the roadway, resulting in the car rolling over.

66.    Because of the negligent actions of Defendant L.S., K.L.H. suffered serious bodily injuries that rendered her a quadriplegia.

67.    As a direct and proximate cause of the negligence and legal liabilities described above, K.L.H. sustained serious bodily injuries; incurred medical expenses; endured pain and suffering; has lost income; has lost ability to earn income; has permanent impairment; and has suffered mental anguish.

## CLAIMS UNDER THE M.P.L.A:

68.    Plaintiffs adopt and re-allege paragraphs 1-67 as previously set forth in this Complaint as if fully set out herein.

69.    At all times, the Toyota Defendants owed a duty to design, develop, engineer, manufacture, assemble, test, warrant, distribute, market, advertise, service,

17

promote and/or sell 2013 Toyota Corolla, including the Subject Vehicle, in a manner that was neither defective nor unreasonably dangerous for its intended use.

70.     The Toyota Defendants designed, developed, manufactured, marketed, assembled, tested, distributed, sold, and placed into the stream of commerce the subject vehicle, including its roof and restraint system.

71.     The Toyota Defendants knew that the ultimate users and occupants of its vehicles, including but not limited to the Plaintiffs, could not properly inspect the roof and restraint system for defects or dangers and that the detection of such defects and dangers would be beyond the capabilities of such persons.

72.     Further,   prior   to   designing,   selecting,   inspecting,   testing, manufacturing, assembling, equipping, marketing, distributing, and/or selling the subject vehicle, Toyota knew that alternative roof and restraint system designs existed that were safer, more practical and both technologically and economically feasible and it was aware that those alternative designs would have eliminated the defective and unsafe characteristics of the subject vehicle' without impairing its usefulness or making it too expensive, yet it failed to make the necessary changes to make its product safe.

73.     The subject vehicle, in particular its roof and restraint system, was defective and not fit for its intended purpose in its design because it failed to perform as safely as any ordinary consumer would expect when used as intended or used in

a reasonably foreseeable manner, and because the risk of danger in the design outweighed any benefits, and because there were alternative, safer designs that were both technologically and economically feasible.

74. The defects in the roof and restraint system of the subject vehicle were present when the Toyota Defendants placed it into the stream of commerce, and it did not undergo material change, repair, or alteration up to and including the time of the aforementioned crash.

75. Further, prior to designing, selecting, inspecting, testing, manufacturing, assembling, equipping, marketing, distributing, and/or selling the subject vehicle, the Toyota Defendants knew that alternative roof and restraint system designs existed that were safer, more practical and both technologically and economically feasible and it was aware that those alternative designs would have eliminated the defective and unsafe characteristics of the subject vehicle' without impairing its usefulness or making it too expensive, yet it failed to make the necessary changes to make its product safe.

76. The subject vehicle, in particular its roof and restraint system, was defective and not fit for its intended purpose in its design because it failed to perform as safely as any ordinary consumer would expect when used as intended or used in a reasonably foreseeable manner, and because the risk of danger in the design outweighed any benefits, and because there were alternative, safer designs that were

both technologically and economically feasible. Specifically, the roof and restraint system was designed and manufactured in such a way that the roof would collapse in foreseeable crashes with foreseeable crash forces and that the restraint system would not properly restrain the occupant when properly wearing the seatbelt to prevent injury.

77.    The Subject Vehicle was defective and unreasonably dangerous because of its defective roof and restraint system, which can cause, enable or enhance injury in the event of an accident and thus was not crashworthy.

78.    The Subject Vehicle was defective and unreasonably dangerous because the Toyota Defendants failed to design the Subject Vehicle's roof, occupant compartment and restraint system, as to protect and minimize the probability of injury to Plaintiff in a foreseeable accident sequence.

79.    The Subject Vehicle's roof, occupant compartment and restraint system were inadequate to provide proper occupant retention and injury prevention in the event of a foreseeable rollover.

80.    The Toyota Defendants failed to provide reasonable and adequate warnings to users of the Subject Vehicle's deadly deficiencies including, but not limited to, the Subject Vehicle's dangerous and defective roof and restraint system.

81.    The Toyota Defendants knowingly failed to adequately test the 2013 Toyota Corolla, including the Subject Vehicle, before, during and after the design,

production and sale of the Subject Vehicle to the public and/or knowingly placed the dangerously designed 2013 Toyota Corolla, including the Subject Vehicle, onto the market and into the stream of commerce.

82.    The Toyota Defendants rendered the Subject Vehicle unreasonably dangerous by failing to adequately warn users and/or consumers about the hazards of driving the Subject Vehicle with defective and/or inadequately designed and unreasonably dangerous roof and restraint system.

83.    At the time the Subject Vehicle left Toyota's control, the Toyota Defendants knew, or in light of reasonably available knowledge or in the exercise of reasonable care ought to have known, about the dangers pertaining to the Subject Vehicle's roof and restraint system that caused, enabled and/or enhanced Plaintiff's injuries.

84.    The Subject Vehicle failed to function as expected in this accident and, as described above, feasible design alternatives existed that would have, to a reasonable probability, prevented or significantly reduced the injuries to Plaintiff K.L.H..

85.    The defective conditions set forth throughout this Complaint rendered the Subject Vehicle unreasonably dangerous to Plaintiff.

86.    As a direct and proximate result of the Toyota Defendants' conduct, acts, and/or omissions, Plaintiff K.L.H. suffered extreme injuries. Additional and

substantial damages and injuries have been suffered for which recovery is provided pursuant to the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63, and/or Mississippi law.

87.    The Toyota Defendants, through its officers, directors, partners, or managing agents, had actual knowledge for decades that the designs incorporated into the 2013 Toyota Corolla, including the Subject Vehicle, were defective and unreasonably dangerous as alleged above through, including but not limited to, its testing, memoranda, documentation, engineering analysis, meeting minutes and exhibits, litigation, field performance and/or consumer complaints.

88.    The Toyota Defendants knew, or should have known by the exercise of reasonable care, that the Subject Vehicle was not crashworthy and that users or occupants such as Plaintiff would, in the ordinary course of events, foreseeably use and be exposed to the dangers and defects contained in the Subject Vehicle.

89.    The Subject Vehicle and its roof and restraint system were defectively designed because, *inter alia*, the Subject Vehicle's roof and restraint system caused and/or enhanced Plaintiff's injuries.

90.    As a direct and proximate result of the Toyota Defendants' violation of the MPLA, Plaintiff K.L.H. sustained serious injuries.

WHEREFORE, Plaintiffs demand judgment in an amount that will reasonably compensate K.L.H. for her permanent and severe injuries, and an amount of punitive

damages to punish Toyota and deter others and for the cost of this action.

## NEGLIGENCE: TOYOTA MOTOR CORPORATION; TOYOTA NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR MANUFACTURING MISSISSIPPI INC.; AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.

91.    Plaintiffs adopt and re-allege paragraphs 1-90 as previously set forth in this Complaint as if fully set out herein.

92.    The Toyota Defendants had a duty to use reasonable care in the design, development, testing, manufacture, assembly, marketing, and distribution of the subject vehicle, including its roof and restraint system, so as to avoid exposing occupants to unnecessary and unreasonable risks.  Further, the Toyota Defendants had a duty to foreseeable occupants to exercise that same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing, and selling the subject vehicle, including its roof and restraint system, as other similar entities would have exercised.  The Toyota Defendants also had a duty to foreseeable owners and passengers of the subject vehicle to exercise the same degree of care, diligence, and skill to adequately warn and/or instruct them about the hazards and dangerous conditions related to the use and operation of the subject vehicle and its intended manner as other manufacturers and distributors would have exercised.

93.    Further,    prior    to    designing,    selecting,    inspecting,    testing, manufacturing, assembling, equipping, marketing, distributing, and/or selling the subject vehicle, the Toyota Defendants knew that alternative roof and restraint

system designs existed, that they were safer, more practical and both technologically and economically feasible for inclusion in the subject vehicle, and they were aware that those alternative designs would have eliminated the defective and unsafe characteristics of the subject vehicle without impairing its usefulness or making it too expensive, yet they failed to make the necessary changes to make their products safe.

94.     The Toyota Defendants breached that duty both by acting in a way that a reasonably careful designer and manufacturer of vehicles would not act under like circumstances and by failing to take actions that a reasonably careful designer and manufacturer vehicles would take under like circumstances.

95.     As a direct and proximate result of the negligence of the Toyota Defendants, the roof and restraint system failed to adequately and properly restrain K.L.H. in the subject crash, causing her to suffer severe, permanent and catastrophic bodily injuries, including quadpligia requiring surgery and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, rehabilitation expense, medical equipment costs, and loss of the future ability to labor and earn money. These losses are either permanent or continuing in nature and K.L.H. will suffer these losses in the future.

WHEREFORE, Plaintiffs demand judgment for compensatory damages,

including interest on all liquidated damages, attorneys' fees pursuant to any applicable offer of judgment statute and/or rule, taxable costs against the Toyota Defendants, and further demands trial by jury on all issues triable as a matter of right, and for other such relief as the Court deems just and proper.

## PUNITIVE DAMAGES: TOYOTA MOTOR CORPORATION; TOYOTA NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR MANUFACTURING MISSISSIPPI INC.; AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.

96.    Plaintiffs adopt and re-allege paragraphs 1-95 as previously set forth in this Complaint as if fully set out herein.

97.    The Toyota Defendants designed, developed, manufactured, marketed, assembled, tested, or failed to test, distributed, sold, and placed into the stream of commerce the subject vehicle. At said time, the Toyota Defendants knew the subject vehicle, and in particular the roof and restraint system, were not reasonably safe when being used in a foreseeable manner. Specifically, Toyota Defendants knew the roof and restraint system were designed in such a manner that they would fail to adequately restrain and contain occupants in foreseeable crashes, including Plaintiff, despite alternative designs that were available for use.

98.    At all times pertinent, the Toyota Defendants was aware or should have been aware of feasible alternative designs for the restraint system and roof which would have eliminated or substantially minimized the known risks of the design of the vehicle as it was marketed in the United States.

25

99. Despite having knowledge of other reported injuries and analysis that was critical of their products, the Toyota Defendants continued to manufacture, store, sell and distribute models of the subject vehicle.

100. The Toyota Defendants' conduct and decisions, made in light of the known accident history and resulting injuries in the subject vehicle, and failing to redesign, review and recall the subject vehicle demonstrates wanton and outrageous and/or grossly negligent conduct and reckless disregard for the safety of the public in general and K.L.H. in particular, which justifies the imposition of punitive damages to deter such conduct in the future by Toyota and other product manufacturers.

## **DAMAGES**

101. The injuries and damages suffered by K.L.H. include, but are not limited to the following: permanent debilitating injury, including quadriplegia, past and future medical expenses, past and future pain and suffering, loss of enjoyment of the life, mental anguish, emotional distress, and past and future loss of earnings.

102. The Plaintiffs are entitled to punitive damages for the willful, wanton, intentional, reckless, grossly negligent and malicious acts of the Defendants.

## **RELIEF**

WHERFORE, Plaintiffs demand judgment against the Toyota Defendants in such an amount as a jury may award as reasonably compensatory damages and also

such punitive damages as the jury believes appropriate under the law, plus attorneys'

fees, costs and expenses.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted, this 29 day of **December, 2021.**

_____
Daniel Fenton Mars
MS Bar #
*Attorney for Plaintiff*

OF COUNSEL
MARS, MARS & MARS
Post Office box 612
Philadelphia, MS 39350-0612
Telephone: (601) 656-2152
Email: danmars@mmclaw.net

**FILED**

DEC 29 2021

TIME_____
PATTI DUNCAN LEE
CIRCUIT CLERK

27

**Defendants may be served as follows**:
Toyota Motor Corporation
Via Hague Convention Treaty, to wit:
1, Toyota-cho Toyota City
Aichi Prefecture 471-8571, Japan

Toyota Motor North America, Inc.
c/o Registered Agent CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

Toyota Motor Sales, U.S.A., Inc.
c/o Registered Agent CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

Toyota Motor Manufacturing Mississippi Inc.,
c/o Registered Agent CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

Toyota Motor Engineering & Manufacturing North America, Inc.
c/o Registered Agent CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

Corwin Stewart
420 Russell Road
Little Rock, MS 39337

L.S.
420 Russell Road
Little Rock, MS 39337

**FILED**

DEC 29 2021
TIME_____
PATTI DUNCAN LEE
CIRCUIT CLERK

28

IN THE CIRCUIT COURT OF NESHOBA COUNTY
STATE OF MISSISSIPPI

LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,

     Plaintiff,

v.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA MOTOR MANUFACTURING
MISSISSIPPI, INC.;  TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC.; L.S., a minor,
Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES
1-20, whether singular or plural, are those
persons, company, corporations, or other
entities, whose negligence, wantonness, and/or
wrongful conduct contributed to cause the
injuries and damages to the Plaintiff, whose true
and correct names are unknown to Plaintiff at
this time, but will substituted by amendment
when ascertained,

Defendants.

CASE NO.

21-CV-0480-NS-MD

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Toyota Motor Corporation (through the Hague Convention Treaty)
      1, Toyota-cho Toyota City
      Aichi Prefecture 471-8571, Japan

1

## NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **Mr. Daniel Fenton Mars**, the attorney for the Plaintiff(s), whose post office address is **Mars Mars & Mars, Post Office Box 612, Philadelphia, Mississippi 39350** and whose street address is **Mars Mars & Mars, 507 Center Avenue, Suite A, Philadelphia, Mississippi 39350**. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 29 day of DEC, 20 21

*Patti Dun can*

Clerk of Neshoba County, Mississippi

Patti Duncan Lee
Neshoba County Circuit Clerk
401 E. Beacon Street - Suite 110
Philadelphia, MS  39350



STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy.
Given under my hand and seal of office
This the 17 day of OCT, 20 22
PATTI DUNCAN LEE, CIRCUIT CLERK
BY *Patti Dun can*

IN THE CIRCUIT COURT OF NESHOBA COUNTY
STATE OF MISSISSIPPI

LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,

     Plaintiff,

v.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA  MOTOR MANUFACTURING
MISSISSIPPI, INC.;  TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC.; L.S., a minor,
Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES
1-20, whether singular or plural, are those
persons, company, corporations, or other
entities, whose negligence, wantonness, and/or
wrongful conduct contributed to cause the
injuries and damages to the Plaintiff, whose true
and correct names are unknown to Plaintiff at
this time, but will substituted by amendment
when ascertained,

Defendants.

CASE NO.

21-CV-0480-NS-MD

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Toyota Motor North America, Inc.
       c/o Registered Agent CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi, 39232

1

## NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand deliver a copy of a written response to the Complaint to **Mr. Daniel Fenton Mars**, the attorney for the Plaintiff(s), whose post office address is **Mars Mars & Mars, Post Office Box 612, Philadelphia, Mississippi 39350** and whose street address is **Mars Mars & Mars, 507 Center Avenue, Suite A, Philadelphia, Mississippi 39350**. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

      You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

      Issued under my hand and the seal of said Court, this _29_ day of _DEC_____,
20_21_

_Patti Dun can Lee_
Clerk of Neshoba County, Mississippi

Patti Duncan Lee
Neshoba County Circuit Clerk
401 E. Beacon Street - Suite 110
Philadelphia, MS  39350



STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy.
Given under my hand and seal of office
This the _17_ day of _Oct_, 20 _22_
PATTI DUNCAN LEE, CIRCUIT CLERK
BY _Patti Dun can Lee_

## IN THE CIRCUIT COURT OF NESHOBA COUNTY
## STATE OF MISSISSIPPI

**LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,**

      **Plaintiff,**

**v.**

                                                 **CASE NO.**

**TOYOTA MOTOR CORPORATION;**                 21-CV-0480-NS-MD
**TOYOTA MOTOR NORTH AMERICA, INC.;**
**TOYOTA MOTOR SALES, U.S.A., INC.;**
**TOYOTA  MOTOR MANUFACTURING**
**MISSISSIPPI, INC.;  TOYOTA MOTOR**
**ENGINEERING & MANUFACTURING**
**NORTH AMERICA, INC.; L.S., a minor,**
**Individually, and CORWIN STEWART, as**
**father and next friend of L.S.; and JOHN DOES**
**1-20, whether singular or plural, are those**
**persons, company, corporations, or other**
**entities, whose negligence, wantonness, and/or**
**wrongful conduct contributed to cause the**
**injuries and damages to the Plaintiff, whose true**
**and correct names are unknown to Plaintiff at**
**this time, but will substituted by amendment**
**when ascertained,**

**Defendants.**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Toyota Motor Sales, U.S.A., Inc.
        c/o Registered Agent CT Corporation System
        645 Lakeland East Drive, Suite 101
        Flowood, Mississippi, 39232

1

## NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **Mr. Daniel Fenton Mars**, the attorney for the Plaintiff(s), whose post office address is **Mars Mars & Mars, Post Office Box 612, Philadelphia, Mississippi 39350** and whose street address is **Mars Mars & Mars, 507 Center Avenue, Suite A, Philadelphia, Mississippi 39350**. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this **29** day of **DEC**, 20**21**.

Clerk of Neshoba County, Mississippi

Patti Duncan Lee
Neshoba County Circuit Clerk
401 E. Beacon Street - Suite 110
Philadelphia, MS 39350



STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy. Given under my hand and seal of office.
This the **17** day of **Oct**, 20**22**
PATTI DUNCAN LEE, CIRCUIT CLERK
BY

## IN THE CIRCUIT COURT OF NESHOBA COUNTY
## STATE OF MISSISSIPPI

**LYNDA JONES, Individually and as guardian**
**and next friend of minor, K.L.H.,**

      **Plaintiff,**

**v.**

**TOYOTA MOTOR CORPORATION;**
**TOYOTA MOTOR NORTH AMERICA, INC.;**
**TOYOTA MOTOR SALES, U.S.A., INC.;**
**TOYOTA MOTOR MANUFACTURING**
**MISSISSIPPI, INC.; TOYOTA MOTOR**
**ENGINEERING & MANUFACTURING**
**NORTH AMERICA, INC.; L.S., a minor,**
**Individually, and CORWIN STEWART, as**
**father and next friend of L.S.; and JOHN DOES**
**1-20, whether singular or plural, are those**
**persons, company, corporations, or other**
**entities, whose negligence, wantonness, and/or**
**wrongful conduct contributed to cause the**
**injuries and damages to the Plaintiff, whose true**
**and correct names are unknown to Plaintiff at**
**this time, but will substituted by amendment**
**when ascertained,**

**Defendants.**

**CASE NO.**

21-CV-0480-NS-MD

### <u>SUMMONS</u>

THE STATE OF MISSISSIPPI

TO:   Toyota Motor Manufacturing Mississippi Inc.
       c/o Registered Agent CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi, 39232

1

## NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **Mr. Daniel Fenton Mars,** the attorney for the Plaintiff(s), whose post office address is **Mars Mars & Mars, Post Office Box 612, Philadelphia, Mississippi 39350** and whose street address is **Mars Mars & Mars, 507 Center Avenue, Suite A, Philadelphia, Mississippi 39350**. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _29_ day of _DEC_,

20_21_

_Patti Duncan Lee_
Clerk of Neshoba County, Mississippi

Patti Duncan Lee
Neshoba County Circuit Clerk
401 E. Beacon Street - Suite 110
Philadelphia, MS  39350



STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy. Given under my hand and seal of office
This the _17_ day of _Oct_, 20 _22_
PATTI DUNCAN LEE, CIRCUIT CLERK
BY _Patti Duncan Lee_

2

IN THE CIRCUIT COURT OF NESHOBA COUNTY
STATE OF MISSISSIPPI

LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,

     Plaintiff,

v.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA  MOTOR MANUFACTURING
MISSISSIPPI, INC.;  TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC.; L.S., a minor,
Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES
1-20, whether singular or plural, are those
persons, company, corporations, or other
entities, whose negligence, wantonness, and/or
wrongful conduct contributed to cause the
injuries and damages to the Plaintiff, whose true
and correct names are unknown to Plaintiff at
this time, but will substituted by amendment
when ascertained,

Defendants.

**CASE NO.**
21-CV-0480-NS-MD

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Toyota Motor Engineering & Manufacturing North America, Inc.
      c/o Registered Agent CT Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, Mississippi, 39232

1

## NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **Mr. Daniel Fenton Mars**, the attorney for the Plaintiff(s), whose post office address is **Mars Mars & Mars, Post Office Box 612, Philadelphia, Mississippi 39350** and whose street address is **Mars Mars & Mars, 507 Center Avenue, Suite A, Philadelphia, Mississippi 39350**. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this **29** day of **DEC**, 20**21**.

*Patti Dun Can Lee*

Clerk of Neshoba County, Mississippi

Patti Duncan Lee
Neshoba County Circuit Clerk
401 E. Beacon Street - Suite 110
Philadelphia, MS 39350





STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy. Given under my hand and seal of office
This the **17** day of **OCT**, 20**22**
PATTI DUNCAN LEE, CIRCUIT CLERK
BY *Patti Dun Can Lee*

2

## IN THE CIRCUIT COURT OF NESHOBA COUNTY
## STATE OF MISSISSIPPI

**LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,**

      **Plaintiff,**

**v.**

**CASE NO.**

21-CV-0480-NS-MD

**TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA  MOTOR MANUFACTURING
MISSISSIPPI, INC.;  TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC.; L.S., a minor,
Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES
1-20, whether singular or plural, are those
persons, company, corporations, or other
entities, whose negligence, wantonness, and/or
wrongful conduct contributed to cause the
injuries and damages to the Plaintiff, whose true
and correct names are unknown to Plaintiff at
this time, but will substituted by amendment
when ascertained,**

**Defendants.**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Corwin Stewart, individually and as father and next friend of L.S., minor
       420 Russell Road
       Little Rock, MS 39337

1

## NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **Mr. Daniel Fenton Mars**, the attorney for the Plaintiff(s), whose post office address is **Mars Mars & Mars, Post Office Box 612, Philadelphia, Mississippi 39350** and whose street address is **Mars Mars & Mars, 507 Center Avenue, Suite A, Philadelphia, Mississippi 39350**. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _29_ day of _DEC_,
20_21_.

_Patti Dun Can Lee_
Clerk of Neshoba County, Mississippi

Patti Duncan Lee
Neshoba County Circuit Clerk
401 E. Beacon Street - Suite 110
Philadelphia, MS 39350

(Seal)

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy.
Given under my hand and seal of office
This the _17_ day of _OCT_, 20_22_
PATTI DUNCAN LEE, CIRCUIT CLERK
BY _Patti Dun Can Lee_ D.C.

2

*PROOF OF SERVICE-SUMMONS*

CORWIN   Stewart

Name of Person or Entity Served    21-CV-0480-NS-MD

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

_____ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid) on the date stated in the attached Notice copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid addressed t o the sender (Attach completed acknowledge of receipt pursuant to M.R.C.P. Form 1B)

__X___ **PERSONAL SERVICE,** I personally delivered copies to _____ on the 29ᵗʰ day of December, 2021, where I found said persons) in _____ Newton County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said persona within _____ County, (state) I served the summons and complaint on the __ day of _____, 20_____. at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ _____ a member of the family of the personal served is above the age of sixteen years and willing to receive the summons and complaint and thereafter on the ___day of _____, 20 _____, I mailed (by first class mail), postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused")
At the time of service I was at least 18 years of age and not a party to this action.

Fee for Service: $45.00

Process Server must list below:
Name ___ Gail McMahan ___
Address: 7242 Little Rock-Decatur Road
        Little Rock, MS 39337
Telephone# 601-479-0140

**FILED**

**JAN 03 2022**

TIME _____
PATTI DUNCAN LEE
CIRCUIT CLERK

State of MS
County of Neshoba
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named GAIL McMahan _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons are true and correct as therein state.

Gail McMahan
Process Server signature

Sworn to and subscribed before me this the 29 day of December, 2021

Charlene Kirksey
NOTARY PUBLIC

(SEAL) My Commission Expires 33525
**CHARLENE KIRKSEY**
Commission Expires
Feb. 18, 2023

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy. Given under my hand and seal of office.
This the 17 day of Oct, 20 22
PATTI DUNCAN LEE, CIRCUIT CLERK

BY _____

## PROOF OF SERVICE-SUMMONS

Wolters Kluwer / CT Corporation / Matt Thibodeaux

Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

_____ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid) on the date stated in the attached Notice copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid addressed t o the sender (Attach completed acknowledge of receipt pursuant to M.R.C.P. Form 1B)

**X** **PERSONAL SERVICE.** I personally delivered copies to *to Matt Thibodeaux* on the __6__ day of *January 22* where I found said persons) in *Rankin* County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said persona within _____ County, (state)  I served the summons and complaint on the __ day of _____, 20_____. at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ _____a member of the family of the personal served is above the age of sixteen years and willing to receive the summons and complaint and thereafter on the ___day of _____20 _____, I mailed (by first class mail), postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____**CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.  (Attach signed return receipt or the return envelope marked "Refused")
At the time of service I was at least 18 years of age and not a party to this action.

Fee for Service: __45__
Process Server must list below:
Name __CHARLENE KIRKSEY__
Social Security # __XXX-XX-2224__
Address: __P.O. Box 612, Phila. MS__
Telephone# __601-650-2152__

**FILED**

**JAN 07 2022**

TIME _____
PATTI DUNCAN LEE
CIRCUIT CLERK

State of MS
County of __Newton__
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named __Charlene Kirksey__ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons are true and correct as therein state.

_____
Process Server signature

Sworn to and subscribed before me this the __6th__ day of __January__, 20__22__

_____
NOTARY PUBLIC
STATE OF MISSISSIPPI
NESHOBA COUNTY

(SEAL) My Commission Expires

STATE OF MISSISSIPPI
GAIL MCMAHAN
NOTARY PUBLIC
ID No. 70049
Commission Expires
June 1, 2023
NEWTON COUNTY

I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy. Given under my hand and seal of office. This the __17__ day of __Oct__, 20 __22__
PATTI DUNCAN LEE, CIRCUIT CLERK
BY _____

# IN THE CIRCUIT COURT OF NESHOBA COUNTY
## STATE OF MISSISSIPPI

LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,

      Plaintiff,

v.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA MOTOR MANUFACTURING
MISSISSIPPI, INC.;  TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC.; L.S., a minor,
Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES
1-20, whether singular or plural, are those
persons, company, corporations, or other
entities, whose negligence, wantonness, and/or
wrongful conduct contributed to cause the
injuries and damages to the Plaintiff, whose true
and correct names are unknown to Plaintiff at
this time, but will substituted by amendment
when ascertained,

Defendants.

**CASE NO.**

21-CV-0480-NS-MD

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Toyota Motor North America, Inc.
       c/o Registered Agent CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi, 39232

1

IN THE CIRCUIT COURT OF NESHOBA COUNTY
STATE OF MISSISSIPPI

LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,

     Plaintiff,

v.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA  MOTOR MANUFACTURING
MISSISSIPPI, INC.;  TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC.; L.S., a minor,
Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES
1-20, whether singular or plural, are those
persons, company, corporations, or other
entities, whose negligence, wantonness, and/or
wrongful conduct contributed to cause the
injuries and damages to the Plaintiff, whose true
and correct names are unknown to Plaintiff at
this time, but will substituted by amendment
when ascertained,

     Defendants.

CASE NO.
21-CV-0480-NS-MD

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   Toyota Motor Sales, U.S.A., Inc.
       c/o Registered Agent CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi, 39232

1

21-CV-0480

## PROOF OF SERVICE-SUMMONS

Waters Kluwer/CT Corporation / Matt Thibodeaux
**Name of Person or Entity Served**

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

_____ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid) on the date stated in the attached Notice copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid addressed t o the sender (Attach completed acknowledge of receipt pursuant to M.R.C.P. Form 1B)

__X__ **PERSONAL SERVICE,** I personally delivered copies to Matt Thibodeaux on the __6__ day of January 24, 22 where I found said persons) in Rankin County of the State of Mississippi

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said persona within _____ County, (state) I served the summons and complaint on the __ day of _____, 20_____. at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ _____ a member of the family of the personal served is above the age of sixteen years and willing to receive the summons and complaint and thereafter on the ___day of _____, 20 _____, I mailed (by first class mail), postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused")

At the time of service I was at least 18 years of age and not a party to this action.

Fee for Service __45__
Process Server must list below:
Name __Charlene Kirksey__
Social Security # __xxx-xx-222.4__
Address: __P O Box 612, Phila, MS__
Telephone# __601-636-2152__

**FILED**

JAN 07 2022

TIME _____
PATTI DUNCAN LEE
CIRCUIT CLERK

State of MS __Newton__
County of _____
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named __Charlene Kirksey__ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons are true and correct as therein state.

_____
Process Server signature

Sworn to and subscribed before me this the __6__ day of January 20__22__

_____
NOTARY PUBLIC

(SEAL)

STATE OF MISSISSIPPI
CALNOMMISSION EXPIRES:
NOTARY PUBLIC
ID No. 70062
Commission Expires
June 3, 2023
NEWTON COUNTY

**STATE OF MISSISSIPPI**
**NESHOBA COUNTY**
I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy. Given under my hand and seal of office This the __17__ day of __Oct__, 20 __22__
PATTI DUNCAN LEE, CIRCUIT CLERK
BY __Patti Duncan Lee__

IN THE CIRCUIT COURT OF NESHOBA COUNTY
STATE OF MISSISSIPPI

**LYNDA JONES, Individually and as guardian
and next friend of minor, K.L.H.,**

      **Plaintiff,**

**v.**

**TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA MOTOR MANUFACTURING
MISSISSIPPI, INC.; TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC.; L.S., a minor,
Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES
1-20, whether singular or plural, are those
persons, company, corporations, or other
entities, whose negligence, wantonness, and/or
wrongful conduct contributed to cause the
injuries and damages to the Plaintiff, whose true
and correct names are unknown to Plaintiff at
this time, but will substituted by amendment
when ascertained,**

**CASE NO.**

21-CV-0480-NS-MD

**Defendants.**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Toyota Motor Manufacturing Mississippi Inc.
       c/o Registered Agent CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, Mississippi, 39232

1

21-CV-0480

## PROOF OF SERVICE-SUMMONS

WaltersKluwer / CT Corporation / Matt Thibodeaux

**Name of Person or Entity Served**

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

_____ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid) on the date stated in the attached Notice copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid addressed t o the sender (Attach completed acknowledge of receipt pursuant to M.R.C.P. Form 1B)

__X__ **PERSONAL SERVICE.** I personally delivered copies to _Matt Thibodeaux_ on the _6_ day of _January_, 2022, where I found said person(s) in _____ _Rankin_ County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said persona within _____ County, (state) I served the summons and complaint on the __ day of _____, 20____. at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ _____ a member of the family of the personal served is above the age of sixteen years and willing to receive the summons and complaint and thereafter on the ___day of _____, 20 _____, I mailed (by first class mail), postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.  (Attach signed return receipt or the return envelope marked "Refused")

At the time of service I was at least 18 years of age and not a party to this action.

Fee for Service: _45_
Process Server must list below:
Name _CHARLENE KIRKSEY_

Address: _P.O. BOX 612, Phila, MS_
Telephone# _601-656-2151_

State of MS
County of _Newton_
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Charlene Kirksey_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons are true and correct as therein state.

_Charlene Kirksey_
Process Server signature

Sworn to and subscribed before me this the _6_ day of _January_, 20_22_

_Gail McMahon_

**FILED**

JAN 07 2022

TIME_____
PATTI DUNCAN LEE
CIRCUIT CLERK

(SEAL) My Commission Expires:
STATE OF MISSISSIPPI
GAIL McMAHAN
NOTARY PUBLIC
ID No. 70049
Commission Expires
June 3, 2023
NEWTON COUNTY

NOTARY PUBLIC
STATE OF MISSISSIPPI
NESHOBA COUNTY
   I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy.
   Given under my hand and seal of office
This the _17_ day of _Oct_, 20_22_
PATTI DUNCAN LEE, CIRCUIT CLERK

BY _Patti Duncan Lee_

IN THE CIRCUIT COURT OF NESHOBA COUNTY, MISSISSIPPI

LYNDA JONES, Individually and as guardian                        PLAINTIFF
and next friend of minor, K.L.H.

V.                                                    CAUSE NO. 21-CV-0480-NS-MD

TOYOTA MOTOR CORPORATION;                                        DEFENDANTS
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA
MOTOR MANUFACTURING MISSISSIPPI, INC.;           STATE OF MISSISSIPPI
TOYOTA MOTOR ENGINEERING &                        NESHOBA COUNTY
MANUFACTURING NORTH AMERICA, INC.;               I, PATTI DUNCAN LEE, Circuit Clerk in and for
L.S., a minor, Individually, and CORWIN           said state and county, hereby certify that the
STEWART, as father and next friend of L.S.;       above and foregoing is a true and correct copy.
and JOHN DOES 1-20                                Given under my hand and seal of office
                                                  This the 17 day of OCT, 2022
                                                  PATTI DUNCAN LEE, CIRCUIT CLERK
                                                  BY _____

                                    **ORDER**

The Motion of Defendants Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A.,

Inc., Toyota Motor Manufacturing Mississippi, Inc., and Toyota Motor Engineering &

Manufacturing North America, Inc., for an extension to March 7, 2022, to serve their responsive

pleadings is hereby granted.

SO ORDERED, this the ___4th___ day of ___Feby___, 2022.

_____
CIRCUIT JUDGE

**AGREED AND APPROVED:**

_____
Daniel Fenton Mars,
Counsel for Plaintiff

_____
David L. Ayers,
Defendants Toyota Motor North America, Inc.,
Toyota Motor Sales, U.S.A., Inc., Toyota Motor
Manufacturing Mississippi, Inc., and Toyota Motor
Engineering & Manufacturing North America, Inc.

**FILED**

FEB 11 2022

TIME_____
PATTI DUNCAN LEE
CIRCUIT CLERK

CCMIN BK 138 Pg 173 - 02/11/2022 04:02 PM
Patti Duncan Lee, Circuit Clerk, Neshoba County, Mississippi

IN THE CIRCUIT COURT OF NESHOBA COUNTY, MISSISSIPPI

LYNDA JONES, Individually and as guardian                    PLAINTIFF
and next friend of minor, K.L.H.

V.                                                CAUSE NO. 21-CV-0480-NS-MD

TOYOTA MOTOR CORPORATION;                               DEFENDANTS
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA MOTOR MANUFACTURING
MISSISSIPPI, INC.; TOYOTA MOTOR
ENGINEERING & MANUFACTURING NORTH
AMERICA, INC.; L.S., a minor, Individually, and
CORWIN STEWART, as father and next friend of
L.S.; and JOHN DOES 1-20

## <u>AGREED SCHEDULING ORDER</u>

To provide for the regular and orderly progression of the above styled and numbered

cause, it is hereby ORDERED:

1.      The deadline for the parties to serve all motions to join additional parties or

amend the pleadings is June 17, 2022.

2.      Plaintiffs' deadline to designate testifying experts, including the information

required by Rule 26(b)(4) M.R.C.P., is October 28, 2022. Depositions of testifying experts shall

be permitted.

3.      Defendants' deadline to designate testifying experts, including the information

required by Rule 26(b)(4) M.R.C.P., is December 9, 2022. Depositions of testifying experts shall

be permitted.

4.      The deadline for the parties to complete all discovery is March 31, 2023.

5.      The deadline to serve all *Daubert* and dispositive motions is April 28, 2023. The

deadline to serve responses is May 19, 2023. The deadline to serve replies is May 26, 2023.



FILED

MAR 29 2022

TIME
PATTI DUN        EE
CIRCUIT CLERK

6.      The deadlines for motions *in limine*, a Pre-Trial Order, Pre-Trial Conference, and

Trial shall be set by separate Order.

SO ORDERED this the 28th day of March, 2022.

_____
CIRCUIT JUDGE

**AGREED AND APPROVED:**

_____
Daniel Fenton Mars
Counsel for Plaintiff

_____
David L. Ayers
Counsel for the Toyota Defendants

**FILED**

MAR 29 2022

TIME_____

PATTI DUNCAN LEE
CIRCUIT CLERK

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy.
Given under my hand and seal of office
This the 17 day of Oct, 2022
PATTI DUNCAN LEE, CIRCUIT CLERK
BY_____

IN THE CIRCUIT COURT OF NESHOBA COUNTY, MISSISSIPPI

LYNDA JONES, Individually and as guardian                      PLAINTIFF
and next friend of minor, K.L.H.

V.                                                     CAUSE NO. 21-CV-0480-NS-MD

TOYOTA MOTOR CORPORATION;                                      DEFENDANTS
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA
MOTOR MANUFACTURING MISSISSIPPI, INC.;
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.; L.S.,
a minor, Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES 1-20

## ORDER AUTHORIZING APPEARANCE AND ADMITTING
## TRACY R. KAMBOBE *PRO HAC VICE*

The motion of Defendants Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A.,

Inc., Toyota Motor Manufacturing Mississippi, Inc. and Toyota Motor Engineering & Manufacturing

North America, Inc., to admit Tracy R. Kambobe as counsel *pro hac vice* in this case is well-

taken and should be granted.

IT IS, THEREFORE, ORDERED that Tracy R. Kambobe is hereby admitted to practice

*pro hac vice* in the above-styled and numbered civil action.

SO ORDERED this the ___18th___ day of ___April___, 2022.

_____
CIRCUIT JUDGE

STATE OF MISSISSIPPI
NESHOBA COUNTY
   I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy
   Given under my hand and seal of office.
This the ___ day of ___, 20___
PATTI DUNCAN LEE, CIRCUIT CLERK
BY _____

FILED
APR 22 2022
TIME _____
PATTI DUNCAN LEE
CIRCUIT CLERK

IN THE CIRCUIT COURT OF NESHOBA COUNTY, MISSISSIPPI

LYNDA JONES, Individually and as guardian                                    PLAINTIFF
and next friend of minor, K.L.H.

V.                                                              CAUSE NO. 21-CV-0480-NS-MD

TOYOTA MOTOR CORPORATION;                                                   DEFENDANTS
TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA
MOTOR MANUFACTURING MISSISSIPPI, INC.;
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.; L.S.,
a minor, Individually, and CORWIN STEWART, as
father and next friend of L.S.; and JOHN DOES 1-20

## ORDER AUTHORIZING APPEARANCE AND ADMITTING
## J. KARL VIEHMAN *PRO HAC VICE*

The motion of Defendants Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A.,

Inc., Toyota Motor Manufacturing Mississippi, Inc. and Toyota Motor Engineering & Manufacturing

North America, Inc., to admit J. Karl Viehman as counsel *pro hac vice* in this case is well-taken

and should be granted.

IT IS, THEREFORE, ORDERED that J. Karl Viehman is hereby admitted to practice *pro*

*hac vice* in the above-styled and numbered civil action.

SO ORDERED this the ___13th___ day of ___April___, 2022.

_____
CIRCUIT JUDGE

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy.
Given under my hand and seal of office
This the ___11___ day of ___Oct___, 20___22___
PATTI DUNCAN LEE, CIRCUIT CLERK
BY _____

**FILED**

APR 22 2022

TIME _____
PATTI DUNCAN LEE
CIRCUIT CLERK

21-CV-0480

## CERTIFICATE
## CERTIFICATE

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

1) that the document has been served*

    - the (date)   March 16, 2022
    - at (place, street, number)   1, Toyota-Cho, Toyota City, Aichi Prefecture

    - in one of the following methods authorised by article 5 -

    **X** a) in accordance with the provisions of sub-paragraph (a) of the first paragraph
      of article 5 of the Convention*.
      b) in accordance with the following particular method*.

      c) by delivery to the addressee, who accepted it voluntarily *.

The documents referred to in the request have been delivered to:

    -(identity and description of person)   Mina Naruse

    - relationship to the addressee (family, business or other):
      Employee of Toyota Motor Corporation

2)  that the document has not been served, by reason of the following facts*:

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

Annexes

Documents returned _____

_____

In appropriate cases, documents
establishing the service:

Report of Service by Mail

*  Delete if inappropriate

Done at   Aichi Prefecture

Date   March 24, 2022

Signature and / or stamp.

Nagoya District Court,
Civil 10th

Junji Takigahira, Clerk

FILED
JUL 14 2022
TIME
PATTI DUNCAN LEE
CIRCUIT CLERK

SEAL

| REPORT OF SERVICE BY MAIL ( Address, etc. ) | Date March 15, 2022 |
|---|---|

Case number       2022 - (1) - 12

= Service of Documents =

List of Documents

1  Summary of the Document (SUMMRY)
2  Summons
3  Complaint
4  Translations of 2 and 3

Sender of Documents

Address   1-4-1, Sannomaru, Naka-ku, Nagoya-shi
460-8504

Name   Nagoya District Court, Civil 10th, i, B

Recipient of Documents

**Representative of Directors for
Toyota Motor Corporation**

Signature and/or seal of person accepting the documents

Mina Naruse

Place of service

1, Toyota-Cho, Toyota City, Aichi Prefecture

Zip code   471-0826

☐ The address or whereabouts of the recipient stated in the mail and the place of delivery
are different, but they are being processed properly.

Date and time of service

| 3 | 1 6 | 2022 | 1 0 |
|---|---|---|---|
| month | day | year | time |

Manner of Service

1.  I gave it directly to the recipient.

2.  Since I didn't see the recipient, I gave it to the person who
seemed to be responsible and didn't refuse to receive it.
a. clerk · employee            b. person residing therein
( Name :   Mina Naruse                          )

3.  Since the recipient refused to receive it without good reason,
I left it there.              a. recipient themselves
b. clerk · employee      c. person residing therein
( Name :                                         )

4.  I gave it to the person who came to post office and seemed to be
responsible.  a. clerk · employee    b. person residing therein
( Name :                                         )

| I served as shown above.    Date: March 16, 2022 **Toyota** Post Office Server : Yuko Fukuda | Seal of Fukuda |
|---|---|

| I hereby confirmed these documents were properly served and information was properly entered.  Date: March 16, 2022 **Toyota** Post Office Certifying Officer : Takekazu Ozaki | For sender only Seal of Ozakii |
|---|---|

(attention)
1  If the recipient of the document can not sign or affix their seal,
state the reason on the "signature and/or seal" section.
2  Enter the address including the street number on the "place of service".
If you are served at the post office, enter " at the window " only.
3  When the number is single digit for the  "date and time of service", write down
the number in the right side square. Use the 24-Hour System for time of service.
4  Fill in the  "manner of service as below :
(1)  Regarding「1」,「2」,「3」and「4」, circle the number that applies.
(2)  Regarding「2」,「3」and「4」with circle, also circle all that apply.
If it is personally received, write down the name.

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy
Given under my hand and seal of office
This the ___ day of ___ 20__
PATTI DUNCAN LEE, CIRCUIT CLERK
BY ___

FILED
JUL 14 2022
PATTI DUNCAN LEE
CIRCUIT CLERK

Receipt
Nagoya
District Court
March 19, 2022
Copy

# CERTIFICATE
## 証 明 書

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
下名の当局は，条約第6条の規定に従い，次のことを証明します。

1) that the document has been served*
   要請された交付は，*
   - the (date)
     （日）
     令和4年3月16日
   - at (place, street, number)
     （場所）
     愛知県豊田市トヨタ町1
   - in one of the following methods authorised by article 5*
     において，条約第5条に規定する次の方法によって実施した。*

X a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
   条約第5条第1項(a)の方法*

~~b) in accordance with the following particular method~~*;
   特別の方法，すなわち，*

~~c) by delivery to the addressee, who accepted it voluntarily~~*.
   任意交付*

The documents referred to in the request have been delivered to:
要請書に掲げる文書は，次の者に交付した。
   - (identity and description of person)
     （交付を受けた者の表示及び資格）
     成瀬未菜
   - relationship to the addressee (family, business or other) :
     名あて人との関係（家族，使用人その他）
     トヨタ自動車株式会社 従業者

~~2) that the document has not been served, by reason of the following facts~~*:
   要請された交付は，次の事由により実施されなかった。*

~~In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement.~~
   条約第12条第2項の規定に従い，負要請者に対し，添付された計算書に明細を掲げる費用の支払又は償還を請求します。*

Annexes
添付書類

Documents returned
返送される書類

Done at 愛知県
（場所）
the 2022．3.24
（日付）

Signature and/or stamp.
署名又は押印

In appropriate cases, documents establishing the service:
該当する場合には，交付またはその交付を証明する文書
   郵便送達報告書

名古屋地方裁判所民事第10部

裁判所書記官 瀧ヶ平 淳

*Delete if inappropriate.
*印の文言は，不要な場合は抹消する。

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy
Given under my hand and seal of office
This the 17 day of Oct 20 22
PATTI DUNCAN LEE, CIRCUIT CLERK
BY Patti Dun Lee Lee

FILED
JUL 14 2022
TIME
PATTI DUNCAN LEE
CIRCUIT CLERK

| 郵　便　送　達　報　告　書 | | | | | | | 発 送 年 月 日 | 令和 4 年 3 月 15日 |
| :-- | :-- | :-- | :-- | :-- | :-- | :-- | :-- | :-- |
| （住　所　，居　所　等　用） | | | | | | | | |
| 事件番号 | 令和4年（ニ）第12号 | | | | | | | |

<table>
<tr><td rowspan="7">送達書類</td><td colspan="2">書類の名称</td><td colspan="6">1　文書の要領（SUMMARY）<br>2　召喚状<br>3　告訴状<br>4　2，3の訳文</td></tr>
<tr><td rowspan="2">差出人</td><td>所 在 地</td><td colspan="6">郵便番号 460-8504<br>名古屋市中区三の丸１－４－１</td></tr>
<tr><td>名　称</td><td colspan="6">名古屋地方裁判所民事第１０部イＢ係</td></tr>
<tr><td colspan="2">受送達者<br>本人氏名</td><td colspan="6">トヨタ自動車株式会社<br>代表者</td></tr>
</table>

| 受領者の押印又は署名 | 成瀬未菜 |
| :-- | :-- |

| 送達の場所 | 郵便番号 447-0836<br>愛知県豊田市トヨタ町1 |
| :-- | :-- |

| 送達年月日時 | 令和 4 年 3 月 16 日 10 時 |
| :-- | :-- |

<table>
<tr><td rowspan="6">送達方法</td><td>1</td><td colspan="2">受送達者本人に渡した。</td></tr>
<tr><td>②</td><td colspan="2">受送達者本人に出会わなかったので、書類の受領について相当のわきまえがあると認められる次の者に渡した。<br>ア　使用人・従業者　イ　同居者（氏名：　成瀬未菜　）</td></tr>
<tr><td>3</td><td colspan="2">次の者が正当な理由なく受取りを拒んだので、その場に差し置いた。<br>ア　受送達者本人　イ　使用人・従業者　ウ　同居者<br>（氏名：　）</td></tr>
<tr><td>4</td><td colspan="2">営業所に出向いて書類の交付について相当のわきまえがあると認められる次の者に渡した。<br>ア　使用人・従業者　イ　同居者<br>（氏名：　）</td></tr>
</table>

上記のとおり送達しました。　　　令和 4 年 3 月 16 日<br>配達担当者　福田祐子

上記送達に係る書類の配達に遭遇されたこと及びその記載に関する事項が適正に記載されていることを確認しました。<br>令和 4 年 3 月 16 日

差出人認印

註　1　受領者が押印又は署名をすることができないときは、　　　。<br>　　2　「送達の場所」欄は、次により記入すること。<br>　　　(1)営業所の窓口において交付した場合<br>　　　　「窓口」との旨を記入する。<br>　　　(2)(1)以外の場合<br>　　3　「送達年月日時」欄の年月日時のいずれかの数字が1桁のときは、枠内に右詰めで記入すること。<br>　　　時刻は24時間制で記入すること。<br>　　4　「送達方法」欄は、次により記入すること。<br>　　　(1)「1」、「2」、「3」及び「4」の欄については、該当する記号１つを「○」で囲む。<br>　　　(2)「2」、「3」又は「4」を「○」で囲んだ場合は、さらに該当するものを「○」で囲み、その氏名を記入する。<br>　　　　ただし、受送達者本人であるときは、その氏名を記入しない。

-4.3.19



STATE OF MISSISSIPPI<br>NESHOBA COUNTY<br>I, PATTI DUNCAN LEE, Circuit Clerk in and for<br>said state and county, hereby certify that the<br>above and foregoing is a true and correct copy.<br>Given under my hand and seal of office<br>This the 17 day of Jun 2022<br>PATTI DUNCAN LEE, CIRCUIT CLERK<br>BY Patti Duncan Lee

FILED<br>JUL 14 2022<br>PATTI DUNCAN LEE<br>CIRCUIT CLERK<br>IN GOD WE TRUST

IN THE CIRCUIT COURT OF NESHOBA COUNTY, MISSISSIPPI

LYNDA JONES, Individually and as                                     **PLAINTIFF**
guardian
and next friend of minor, K.L.H.

                                         **CAUSE NO. 21-CV-0480-NS-MD**

V.

                                       **DEFENDANTS**

TOYOTA MOTOR CORPORATION, et al.;


**AGREED AMENDED SCHEDULING ORDER**

This order supersedes any prior orders and governs further proceedings in this

action unless modified for good cause shown.

The dates and deadlines in this case are set forth below:

| Event | Date/Deadlines |
|-------|----------------|
| Deadlines to serve all motions to Amend the Pleadings (parties, counts, etc.) | Plaintiff: December 2, 2022<br>Defendant: December 16, 2022 |
| Expert Designations, including information required by Rule 26(b)(4) M.R.C.P. | Plaintiff: February 20, 2023<br>Defendant: April 17, 2023 |
| All Discovery Complete (Written discovery and Depositions, including experts) | June 12, 2023 |
| Dispositive and *Daubert* motions | July 3, 2023<br>Responses: July 13, 2023<br>Replies: July 20, 2023 |
| Witness and Exhibit Lists | September 8, 2023 |
| Motions *in Limine* | MILs: September 22, 2023<br>Responses: October 2, 2023 |

FILED

AUG 11 2022

TIME _____

PATTI DUNCAN LEE
CIRCUIT CLERK

CCMIN 142 595

| Pretrial Conference | On or around October 20, 2023 |
| Trial Date (Jury) | On or around November 6, 2023 |

SO ORDERED this the 2nd day of ~~July,~~ August 2022.

_____
CIRCUIT JUDGE

AGREED AND APPROVED

_____
Daniel Fenton Mars
Counsel for Plaintiff

_____
David L. Ayers
Counsel for the Toyota Defendants

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for
said state and county, hereby certify that the
above and foregoing is a true and correct copy.
Given under my hand and seal of office
This the 17 day of Oct 20 22
PATTI DUNCAN LEE, CIRCUIT CLERK
BY _____

FILED

AUG 11 2022

TIME _____
PATTI DUNCAN LEE
CIRCUIT CLERK

2